## Samuel Wyman *vs.* Ephraim Heald & *al.*

In an action between the original parties, commenced more than six months after its date upon a note, given as the consideration for a bond from the payee to the maker to convey a tract of land upon the payment of a certain sum within six months, where the contract was made and the note given by reason of the false and fraudulent representations of the plaintiff in relation to the quality, *situation* and value of the land, and where the land was found to have some value, but far less, than it was represented to have had at the time the contract was made, no conveyance of the land having been made from the plaintiff to the defendant; — *it was held*, that it was competent for the defendant to prove the fraud in defence of the note, although he had not offered to return the bond until the time of trial, long after the six months had elapsed, and had not shown that he had remained ignorant of the fraud.

Exceptions from the Court of Common Pleas, Redington J. presiding.

Assumpsit on two notes of hand, given to the plaintiff by the defendants *Heald, Cragin* and *Witham, Oct.* 9, 1835, as the consideration of a bond of the same date, from the plaintiff to *Witham,* in which the plaintiff agreed to convey to *Witham* a tract of land on certain conditions. The bond is referred to as part of the case, but no copy of it is found in the exceptions, or in the papers in the case here. It appeared, however, from the testimony in the case, all of which was recited in the exceptions, that the land actually described in the bond, when run out accurately by a surveyor, was principally upon *Mount Bigelow,* and of very little or no value. The defendants introduced several witnesses to prove, that the plaintiff before and at the time of the sale had represented the land to them to be situated in a different place, to be well timbered, and that half of it was good settling land, and in other respects different and more valuable than that described in the bond. To the admission of this testimony the plaintiff objected, and contended, that as the tract was truly described in the bond, no parol representations or opinions that the land was situated in a different place from what it in fact was, on the part of the plaintiff, ought to be received in evidence in this action. The Judge admitted the testimony. The plaintiff contended, that the testimony, if admissible and true, did not impair the right of the plaintiff to recover

Wyman *v.* Heald.

on said notes. The Judge ruled, that it was proper for the jury to weigh the testimony, and determine whether it did, or did not, support the issue on the part of the defendants. The plaintiff introduced testimony for the purpose of showing that there was no misstatements made to the defendants by the plaintiff, and that the defendants knew where the land was in fact situated, before, and soon after the notes were given. The defendants, during the trial, deposited the bond with the Clerk of the Court for the use of the plaintiff, but the plaintiff did not give his assent to it. There was no evidence that the bond had before been offered to the plaintiff.

The plaintiff again contended, that on the facts proved, he was entitled to recover.

The exceptions state, that the Judge instructed the jury, that if they found, that the notes in suit were given in consideration of the bond ; that the land described in the bond lies principally to the south of the summit of *Mount Bigelow* ; that to *Witham*, and to *Viles*, when he was known to the plaintiff to be acting as the agent of *Heald*, in exploring the land with a view to ascertain the quantity and description of the timber growing thereon, or if to either of the defendants, the plaintiff did falsely represent that the land covered by the bond was situated wholly to the north of the summit of *Mount Bigelow*, and point out the same as lying north of the summit ; that the defendants when they gave the notes did really believe that the bonded land lay north of the summit of said mountain ; that they were led into this belief by the false representations of the plaintiff ; that the plaintiff, when making those representations, knew them to be false ; that said false representations were made by the plaintiff for the purpose of fraudulently deceiving the defendants, or either of them, and of fraudulently obtaining the notes of the defendants for the value of the land north of the mountain, while he intended to bond, not the land which he had pointed out, but the other tract ; that he did obtain the notes with said fraudulent intent ; and that the land covered by the bond was decidedly less in value than the land pointed out as aforesaid ; then the plaintiff cannot recover in this action. But if they did not find all the foregoing propositions in favor of the defendants, then their verdict would be for the plaintiff. And the Judge further instructed the jury, that in deciding whether the defendants did believe that the

land they expected to obtain would lie north of the top of the mountain, they might take into consideration any knowledge which they might believe the defendants had upon the subject, arising from their residence in the neighborhood or from other sources; that if the plaintiff did make the false representations, and for the fraudulent purposes aforesaid, yet if the defendants did not believe them, but took the bond and gave their notes, knowing or expecting that the bonded land would be found to lie where in fact it does lie, then the defendants were liable upon the notes; and that independently of all other considerations in this case, if they found the land covered by the bond was wholly worthless and of no value, then the action cannot be sustained; but if the land was of any value, their verdict would be for the plaintiff. The jury returned their verdict for the defendants, and stated *that they found the land to be of some value.* The plaintiff excepted to the admission of evidence, and to the rulings and instructions.

*Wells,* for the plaintiff, in his argument, contended: —

1. The defendants can only claim to rescind the contract on the ground of fraud. The want of consideration was negatived by the finding of the jury, that there was some value in the land. If they would rescind the contract on account of fraud, they were bound to return the bond in a reasonable time to the plaintiff, and they should have been prompt in their action. *Hunt* v. *Silk,* 5 *East,* 449; *Kimball* v. *Cunningham,* 4 *Mass. R.* 502; *Norton* v. *Young,* 3 *Greenl.* 30; 17 *Johns. R.* 439; 2 *Kent,* 470; 1 *Campb.* 190. There was no offer to return the bond, unless at the trial two years afterwards. During all this time, the defendants had the right to take advantage of the market, and sell at an advance, and it was too late to rescind the contract. If the suit on the notes had the effect to enlarge the time of performance, it could have none upon the time of rescinding the contract.

2. The defendants were bound to use ordinary prudence. It is not for every falsehood, against which common prudence might guard, that the law will give an action. Strong representations are expected to be made by vendors. *Chitty on Con.* 135, 137, 222; *Bean* v. *Herrick,* 3 *Fairf.* 269; 12 *East,* 632. If the information is derived from sources to which both parties have access, as in this case, equity will not afford any relief, even against false

representations. *Jeremy on Eq.* 385 ; *Stebbins* v. *Eddy*, 4 *Mason*, 414. And courts of law will not go farther than courts of equity in cases of this kind. The jury should have been instructed, that the defendants were bound to use ordinary prudence.

3. It does not appear, that the plaintiff knew where the limits of the tract described in the bond would fall. If the defendants were deceived, so was the plaintiff; and as they had the same means of knowledge, that he had, the presumption is that both parties labored under a misapprehension as to the location of the land. There is no evidence in the case showing fraud on the part of the plaintiff, and the land was of some value, and therefore the defence is not made out, and there should be a new trial. The evidence was examined by the counsel to show that his conclusions were rightly drawn.

*Tenney,* for the defendants, insisted, that under the instructions of the Judge, the jury must have found, that the plaintiff represented the land as almost entirely different from that described in the bond ; that although the land was of some value, yet it was of decidedly less value than the plaintiff represented it to be ; that such representations of the plaintiff were false and fraudulent ; that he knew them to be so at the time they were made ; that he made them with a design to defraud the defendants ; that the defendants at the time did not know those representations to be false, but supposed them to be true by reason of the false and fraudulent conduct of the plaintiff; and that the notes were obtained by the plaintiff by reason thereof. To recover these notes then would be to enable the plaintiff to recover the fruits of his own false and fraudulent conduct.

There is no testimony in the case to show, nor is it shown by the finding of the jury, at what time the fraud was discovered by the defendants. If the time of performance has not been extended beyond the time limited in the bond, there is no ground to presume, that the fraud could be known to the defendants before that time expired, and the bond was then entirely void and worthless, and need not be returned. If the course taken by the plaintiff, in attempting to enforce the payment of the notes after the time limited in the bond for the defendants to take the land had expired,

extends the time for taking it, then the tender of the bond in court is soon enough.

But when a promise has been obtained as it is found this was, by falsehood and fraud, it has no binding obligation, and the party making it is at liberty at all times to treat it as a nullity ; it cannot be enforced against his will ; it is as though never made ; and nothing is necessary for the defendants to do, when they have not availed themselves of the consideration. When the action was brought, the title to the land was in the plaintiff, and so remains to this time, and he might dispose of it as he pleased. There was no property of the plaintiff in the hands of the defendants for them to return in order to rescind the contract. *Com. on Con.* 58 ; 2 *Stark. Ev.* 586, 739 ; 3 *Stark. Ev.* 1015 ; 8 *T. R.* 147 ; 1 *Dane's Ab.* 173 ; 9 *Mass. R.* 270 ; 13 *Mass. R.* 371 ; 15 *Mass. R.* 113 ; 16 *Mass. R.* 348 ; 2 *Johns. R.* 177 ; 13 *Johns. R.* 430, 302 ; 20 *Johns. R.* 129 ; 7 *East,* 473 ; 2 *Pick.* 191 ; 6 *Greenl.* 187 ; 8 *Mass. R.* 46 ; 7 *Mass. R.* 112 ; 1 *Greenl.* 378 ; 4 *Greenl.* 306, 488 ; 8 *Greenl.* 515. The person making a false representation is answerable for the injury occasioned thereby. 4 *Mass. R.* 502 ; 8 *Pick.* 250 ; 13 *Mass. R.* 139.

The opinion of the Court was drawn up by

EMERY J. — The plaintiff contends, that because the jury found there was some value in the land for which the bond was given, the defendants were bound to return the bond in a reasonable time to the plaintiff, and should have been prompt in their action ; that as the bond was given in *October* 9, 1835, and not returned to the clerk until the trial in *November*, 1837, it was too late, especially as the plaintiff did not consent to that course. Generally speaking, if one would rescind a contract of sale on the ground of misrepresentation or fraud, he should return seasonably the article in which he has been deceived. We consider that in this case every thing was executory. The plaintiff still holds the land. Now when the suit is upon the notes it is proper to make defence against it on the ground which has been assumed. And so far as we can trust to the verdict of the jury, the notes were obtained by false representation of the situation and quality of the land, for the conveyance of which the bond was given. We have had occasion to

express our views on this subject, in the case of *Robinson* v. *Heard*, in the county of *Cumberland*, in 15 *Maine Rep.* 296, to which we refer. And we are satisfied, that in such a state of facts as the jury have pronounced to be fraudulent representations, we cannot see a reason for setting aside their verdict. The credit to be given to the witnesses was all resting with the jury. The Judge was not called upon to express any opinion whether the defendants had exercised ordinary prudence in assenting to the contract. And though the circumstances disclosed, seem to present a fair ground of argument, that the defendants were not the victims of a sudden impulse, we do not perceive any evidence that the plaintiff was not well disposed to keep up the illusion.

The jury seem to have been deeply impressed with the belief, that notwithstanding the land was of some value, that the fraudulent representations made by the plaintiff, relieved the defendants from the responsibility of paying their notes. What the value was, is not found. But we cannot say, the verdict is against the weight of evidence, or with such facts as the jury have pronounced upon, that it is against law. The fraud vitiates the whole.

*The exceptions are therefore overruled.*